HOME FIRE INS. CO. (HUCHBERGER v.).
See Case No. 6,821.

## Case No. 6,659.

HOME INS. CO. v. The CONCORD.

[17 Pittsb. Leg. J. 148; 2 Chi. Leg. News, 249.]

District Court, E. D. Michigan. 1870.

ADMIRALTY — ARREST OF VESSEL — RIGHTS OF MORTGAGEE—DISCHARGE—SURETY.

1. In case of the arrest of a vessel in admiralty, a mortgagee has the right to intervene for the protection of his own interest, and contest a forfeiture.

2. When a vessel has been arrested, on being discharged from the arrest, upon giving the required bond or stipulation, she returns into the hands of her owner discharged from the lien which constituted the foundation of the proceedings against her, and forever and for all purposes whatsoever, the surety taken being as a substitute for the vessel, and the court has no jurisdiction or power over her thereafter in the same suit or for the same cause.

3. The only remedy in a case where the securities become insolvent would seem to be in an application to the court for an order requiring new securities to be given.

In admiralty.

LONGYEAR, District Judge. In this case the propeller was arrested November 10, 1868, and bonded on the same day by John Hutchings, claimant, with two sureties. December 18, 1868, Hutchings mortgaged the propeller to Eber B. Ward, who was intervened pendente lite, setting up his mortgage as the basis of his right to intervene. July 5, 1869, an order was entered in this court, remanding the propeller to the custody of the marshal, on the ex parte application of the libelants, on the ground that the sureties had become insolvent since the bond was given. Ward now moves to vacate the order so remanding the propeller on the ground that the court had no jurisdiction over the vessel after she was so bonded, and therefore had no power to make the order. It is contended, on behalf of libelants, that Ward has no standing in court, he being a mortgagee merely, and not the owner or an agent, consignee or bailee for the owner, as required by rule 26. Rule 26 has been considerably altered and enlarged, if not entirely superseded by the act of March 3, 1847 (9 Stat. 181). But the rule and the act relate exclusively to the conditions to be complied with to entitle a claimant to avoid an arrest of the property, or to obtain its discharge after it shall have been arrested, and not to conditions necessary to entitle a party to intervene pendente lite, to participate in the distribution of proceeds, or to protect any interest he may have in the subject matter of the litigation. The right of a party to intervene for these purposes has been recognized both in England and this country as extending to judgment creditors who have acquired a lien, and also to attaching creditors. See 1 Conk. Adm. 55, 66–70, citing The Flora, 1 Hagg. Adm. 293, 303; The Rebecca [Case No. 11,619]; The Mary Ann [Id. 9,195]. decided by Judge Ware in the district court for the district of Maine. This being so, what reason can there be why a mortgagee should not be admitted to intervene for the protection of his own interest, and contest a forfeiture so far as his right or interest would be prejudiced by the decree? I can see none. I am, therefore, clearly of the opinion that Ward is properly admitted to intervene as mortgagee, and consequently that he has a right to make this motion, and to be heard upon it.

The next and remaining question is as to the validity of the order remanding the vessel. I shall not stop to argue the question. It seems to be too well settled, both in this country and in England, to need further elucidation, that the vessel on being discharged from arrest upon the giving of the bond or stipulation, returns into the hands of her owner, discharged from the lien incumbrance which constituted the foundation of the proceedings against her forever; and, for all purposes whatsoever, the surety taken being as a substitute for the vessel, and the court has no power or jurisdiction over her thereafter in the same suit for the same cause. The Union [Case No. 14,346]; The White Squall [Id. 17,570]; The Kalamazoo, 9 Eng. Law & Eq. 557, 560; 15 Law Rep. 563. No question of fraud, mistake or improvidence in entering into the bond or discharging the vessel arises in this case, and therefore need not be considered. The only remedy that seems to be provided in a case where the sureties shall become insolvent, is an application to the court for an order requiring new sureties to be given. Disobedience to such order would put the party in contempt, and he could be proceeded against accordingly, and be denied the right further to appear and contest the suit until he complied with the order, or otherwise purged his contempt. Adm. Rule 6. Ben. Adm. § 492; Conk. Adm. 112. I am, therefore, of opinion that the court had no power to make the order remanding the vessel into the custody of the marshal, and the motion to vacate the same must be granted.

---

HOME INS. CO. (CONNECTICUT MUT. LIFE INS. CO. v.). See Case No. 3,107.

HOME INS. CO. (HAMBLETON v.). See Case No. 5,972.

HOME INS. CO. (HOVEY v.). See Case No. 6,743.

HOME INS. CO. (KELLEY v.). See Case No. 7,658.

HOME INS. CO. v. The MOLLIE MOHLER. See Case No. 9,701.

HOME INS. CO. v. The OCEAN WAVE. See Cases Nos. 10,416 and 10,417.

HOME INS. CO. (SCOTT v.). See Cases Nos. 12,533 and 12,534.